UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BONITA BARTLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. <u>3:14-cv-15</u> |
| | ) | |
| EARTH FARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

COMES NOW the Plaintiff Bonita Bartles ("Bartles" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against defendant Earth Fare, Inc. ("Defendant") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>

## **Parties**

2.

1

Defendant operates a chain of grocery stores in more than thirty cities within nine states.

3.

Plaintiff worked for Defendant at its grocery store located within this judicial district at 1689 South Lumpkin Street, Athens, Georgia 30606, as a Department Manager (Grocery Manager), during the period of time beginning three years prior to the filing date of this Complaint and continuing through her last day worked in approximately February, 2012 (the "relevant period").

4.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Earth Fare is a foreign for-profit corporation incorporated in North Carolina registered to transact business in Georgia, and may be served with process through its registered agent, Shane Haley, 1689 South Lumpkin Street, Athens, Georgia 30606, located within this judicial district.

**Jurisdiction and Venue**

5.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

6.

Plaintiff was employed by Defendant in this judicial district, Defendant operates a store and does business in this judicial district, and venue is therefore proper in this Court.

7.

Plaintiff was an "employee" during the relevant period of her employment with Defendant as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

8.

Defendant was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

9.

Defendant was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for

commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

10.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during her employment with Defendant during the relevant period, and Plaintiff, in fact upon information and belief, engaged in interstate work for Defendant by, for example, servicing out-of-state customers during some or all of the relevant period.

11.

Plaintiff was covered by the maximum hours provisions of the FLSA during the relevant period of her employment with Defendant as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

12.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

4

## Facts Related To All Counts

13.

Defendant suffered or permitted Plaintiff to work over forty hours in a work week on one or more occasions during the relevant period, but did not pay Plaintiff at time and a half her applicable regular rate as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

14.

As illustrative but non-exhaustive examples, frequently and on numerous occasions within the relevant period, Plaintiff worked over forty hours in a workweek but Defendant did not pay Plaintiff for all of her hours worked as a Department Manager (Grocery Manager) over forty in a work week at time and a half her applicable regular rate as defined under the FLSA, i.e., her weekly pay divided by forty hours inclusive of all non-excludable compensation, including but not limited to any compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

15.

The specific overtime hours at issue in Plaintiff's Complaint are all hours worked over 40 in a workweek as a Department Manager (Grocery Manager) during the relevant period.

16.

Plaintiff received paychecks from Defendant throughout the relevant period that did not contain any payment of overtime compensation for overtime hours worked.

17.

Upon information and belief and to the best of Plaintiff's present recollection, without having access to her payroll documents exclusively maintained within Defendant's possession, Plaintiff received at least one paycheck from Defendant during the period beginning two years prior to the filing date of this Complaint that was for a workweek during which Plaintiff worked more than 40 hours in the Monday-Sunday workweek.

18.

Defendant was aware prior to and during the relevant period that the FLSA applied to Plaintiff during her work as a Department Manager (Grocery Manager) for Defendant.

19.

Defendant employed throughout the relevant period, and upon information and belief continues to employ, Department Managers within its grocery stores, including at each store some or all of the following Department Manager positions:

Produce, Specialty, Wellness, Meat & Seafood, Grocery, Front End, Food Service, Assistant Food Service, Bakery, and Community Relations Manager.

20.

Throughout the relevant period, and upon information and belief continuing through the present, Defendant's Department Manager positions within its grocery stores are at a reporting level below that of Assistant Store Manager, which position is at a reporting level below that of Store Manager.

21.

At various times during the relevant period, Plaintiff's store had an Assistant Store Manager at a reporting level above Plaintiff's Department Manager position, and at all times had a Store Manager at a reporting level above the Assistant Store Manager position and/or Plaintiff's Department Manager position.

22.

Upon information and belief, at one or more times during the relevant period, Defendant knew, should have known, or by reasonable inquiry could have known of court decisions by and/or within the Eleventh Circuit holding that grocery store and/or retail managers even at the store manager level were non-exempt under the FLSA and therefore entitled to overtime pay.

23.

On March 6, 2008, the Eleventh Circuit issued its opinion in *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.2d 1259 (11th Cir. 2008), affirming the jury verdict that the plaintiffs, grocery store managers at the reporting level directly below district managers, were non-exempt under the FLSA and therefore entitled to overtime compensation.

24.

On December 16, 2008, as amended December 22, 2008, the Eleventh Circuit issued its opinion in *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008), affirming the jury verdict that the plaintiffs, retail store managers at the reporting level directly below district managers, were non-exempt under the FLSA and entitled to overtime compensation, and that their employer had willfully denied them overtime pay.

25.

Upon information and belief, in or about 2012, Defendant conducted an audit to evaluate the duties and functionality of its Department Manager positions.

26.

Upon information and belief, in or about October, 2012, Defendant announced to its currently employed Department Managers that its recent audit of

all Department Manager positions, "to Include Produce, Specialty, Wellness, Meat & Seafood, Grocery, Front End, Food Service, Assistant Food Service, Bakery, and Community Resource Manager, has resulted in a decision to change how these positions are paid," resulting in a decision to pay all of those positions regardless of store location at an hourly rate and to pay an hourly overtime rate for hours worked over 40 during the Monday-Sunday workweek.

27.

Despite this decision, Defendant did not pay and has not paid Plaintiff any overtime compensation or liquidated damages for any of her overtime hours worked during the relevant period.

28.

Upon information and belief, Defendant has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## **Count 1: FLSA**

29.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

30.

Defendant internally classified all of its Department Managers as exempt from the FLSA's overtime laws during the relevant period.

31.

Plaintiff was a non-exempt employee under the FLSA throughout her work as a Department Manager (Grocery Manager) for Defendant during the relevant period.

32.

Despite being aware that the FLSA applied to Plaintiff, Defendant violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and a half times her regular rate required by the FLSA for all hours worked over 40 as a Department Manager (Grocery Manager) during the relevant period, in addition to liquidated damages and/or pre-judgment interest for overtime not paid in each paycheck for the applicable pay period.

33.

Defendant failed to pay Plaintiff the overtime compensation owed to her under, and in the manner required by, the FLSA for all of her hours worked over forty in a work week during the relevant period at the regular rate required under the FLSA.

34.

Defendant's violations of the FLSA alleged in this Complaint were willful.

35.

Plaintiff is entitled to a judgment awarding recovery of her back overtime pay at the rate of one and a half times her applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest if liquidated damages are not awarded in full, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant finding a violation of the FLSA and awarding the following relief:

1.     Order Defendant to pay Plaintiff her unpaid back overtime pay at time-and-a-half her applicable rates for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2.     Order Defendant to pay Plaintiff her costs and attorney's fees; and

11

3.     Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 7th day of February, 2014.

/s/ C. Andrew Head
Georgia Bar No. 341472
Attorney for Plaintiff
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
Tel: (404) 995-8808
Fax: (404) 995-8899
Email: ahead@friedbonder.com