IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BONITA BARTLES and STEPHEN COBB, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EARTH FARE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:14-CV-00015-CDL<br>)<br>)<br>)<br>) |

## ORDER OF FINAL APPROVAL

This case is before the Court for consideration of the Joint Motion for Final Approval of Class and Collective Action Settlement and Award of Attorney's Fees and Costs and Service Payments [Doc. 44], and Plaintiffs' Motion for Award of Attorney's Fees and Costs and Service Payments [Doc. 43]. The Court held a final fairness hearing on the proposed settlement in court on November 19, 2015. After reviewing the record and the submissions of the parties, and in consideration of all matters addressed at the final fairness hearing, the Court enters the following Order.

The parties seek approval of settlement of FLSA collective action claims for the "opt-in" class, and approval of the state law claims for the "opt-out" settlement classes.

Settlement of the FLSA claims requires court approval. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Because this Settlement Agreement was made under the supervision of this Court, "it is valid

1

only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (*citing Lynn's Food*, 679 F.2d at 1352-54).

Similarly, certification of settlement classes and settlement of class claims requires court approval after adequate notice to the class under Fed. R. Civ. P. 23(e). *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

Having reviewed the Settlement Agreement (the "Agreement") [Doc. 38-1] executed by the parties, the Court finds that the settlement is fair, adequate, and reasonable.  The Court finds that the Agreement was negotiated at arm's length at mediation before A. Lee Parks, Esq., and thereafter between counsel, and is not the result of any collusion.  The Court further finds that the attorney's fees, costs, and service payments to be paid from the Total Settlement Fund in the amounts requested in Plaintiffs' Motion for Award of Attorney's Fees and Costs and Service Payments [Doc. 43] are reasonable in this action.

Therefore, the Joint Motion for Final Approval of Class and Collective Action Settlement and Award of Attorney's Fees and Costs and Service Payments [Doc. 44] and Plaintiffs' Motion for Award of Attorney's Fees and Costs and Service Payments [Doc. 43] are hereby **GRANTED**, the settlement of the parties in the Agreement is hereby **APPROVED**, and the terms of the parties' Agreement are hereby incorporated into this Order as the stipulated **JUDGMENT** in this case.

The Court hereby

1) grants final certification of the collective action pursuant to Section 16(b) of the FLSA, for settlement purposes only, as set forth in the Settlement Agreement, for the following class:

> Federal Class (Opt-In Collective Action Under 29 U.S.C. § 216(b)):  All individuals who have filed consents to join the Action (including without

limitation all individuals who timely return a Claim Form containing a consent to join the Action) in any state in the United States and who worked for Earth Fare in any of the salary-paid Department Manager positions (including the Bakery Manager, Community Relations Coordinator, Food Service Assistant Manager, Food Service Manager, Front End Manager, Grocery Manager, Group Department Manager, Meat & Seafood Manager, Produce Manager, Specialty Manager, and Wellness Manager positions), that were classified and paid by Earth Fare as "exempt" from overtime laws (the "Covered Positions"), within the three years prior to filing their consent to join the Action or April 16, 2011, whichever date occurred earlier in time, and October 21, 2012;

2) grants final certification of the state law class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, as set forth in the Settlement Agreement, defined as follows:

> State Law Class:  All individuals employed in any of the Covered Positions (defined as the following Department Manager positions: Produce, Specialty, Wellness, Meat & Seafood, Grocery, Front End, Food Service, Assistant Food Service, Bakery, and Community Resource Manager) ("Covered Positions") for Earth Fare in Alabama, Florida, Georgia, Indiana, Kentucky, North Carolina, Ohio, South Carolina and Tennessee between February 7, 2011 and October 21, 2012;

3) appoints Head Law Firm, LLC as Class Counsel for the Rule 23 state law classes;

4) awards payment to Class Counsel of attorney's fees and costs in the combined amount of $400,000 (33 1/3% of the Total Settlement Amount); and

5) awards service payments from the Total Settlement Amount of $2,000 each for the two named Plaintiffs reflected in the style of the case above.

Entered this 19th day of November, 2015.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA